UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WILLIAM RONNIE ROMINES, a/k/a

No. 96-4838

William Ronnie Mikels, a/k/a
Ronnie William Mikels, a/k/a
William Ronnie Romine, a/k/a
Ronnie Ramine,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CR-95-52-A)

Submitted: January 30, 1998

Decided: March 13, 1998

Before WILKINS and MOTZ, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel R. Bieger, COPELAND, MOLINARY & BIEGER, P.C.,
Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Rick A. Mountcastle, Assistant United States Attor-
ney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

William Ronnie Romines appeals his jury convictions of one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) (1994), one count of interstate violation of an order of protection in violation of 18 U.S.C. § 2262(a)(2) (1994), and one count of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 (1994). We affirm.

Romines first contends that the evidence was insufficient to support his conviction of kidnapping his estranged wife, Shannon Romines. To support a conviction, "the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To sustain a conviction under the federal kidnapping statute, the Government must establish four essential elements:"1) the transportation in interstate commerce; 2) of an unconsenting person who is; 3) held for ransom, reward or otherwise, and 4) the acts were committed knowingly and willingly." United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995). Romines maintains that the prosecution presented insufficient evidence at trial to support his conviction for kidnapping because it failed to show that the victim was taken against her will or that Romines held the victim for "ransom, reward or otherwise." This contention is meritless because the evidence disclosed Romines' motive for holding his estranged wife and amply supports the jury's finding that she did not consent to go with him. **1**

_____

**1** We note that our decision in United States v. Childress, 26 F.3d 498 (4th Cir. 1994), may cast doubt on whether the prosecution was required

2

The evidence at trial disclosed that on November 1, 1995, several months after the couple separated, Romines appeared at his wife's residence following a heated argument over the telephone in which he had become abusive. When his wife, who was outside on a porch, attempted to enter the house with the couple's two year-old baby, Romines grabbed her by the hair to prevent her from closing the door. Romines then followed his wife and child into the house and into a back bedroom, where a struggle ensued as his wife tried to push Romines out of the room. Romines beat his wife, blackening both of her eyes. He then picked up the baby and headed to the front door with his wife following behind.

The victim testified she tried to hit Romines with a glass object but missed. Romines then told her to put on her shoes so they could leave. After a heated exchange, Romines choked his wife until she urinated on herself and nearly lost consciousness, telling her that he could kill her if he wanted. At some point while he was in the house, Romines went to his wife's parents' bedroom and took the keys to her recently leased Mazda 626. As they left the house, the victim attempted to run away with the baby. However, Romines took the baby from her and put him in her car. The victim testified that she got into the car because he had the baby and because she believed she did not have a choice. In the car, Romines took out a pocket knife and cut the side of the car's seat, remarking "See how sharp it is."

Romines drove his wife and baby out of Knoxville, Tennessee, on the interstate highway and made at least four stops. He first stopped to call his sister and asked her to pick up some clothes and personal items for the victim. He also allowed his wife to call her mother, but forced her to give a false location and say that she was with Romines willingly. Following Romines' instructions, his wife also told her mother that she intended to stop the divorce proceedings and rescind

_____

to prove the motivation of the kidnapping as an element of the offense. Id. at 502-03 n.3. We need not address that here, however, as the evidence was sufficient to support a finding that Romines held his wife in an attempt to coerce her to stop divorce proceedings, rescind an order of protection, and reconcile with him.

3

the order of protection. The victim testified that she said these things because she was afraid of Romines.

At the second stop, Romines forced the victim to call her attorney and tell him she no longer wanted a divorce. At the third stop, Romines called his sister, who reported that the police were at his wife's house. Romines told the victim to call her father, a police officer, to have him call off the police. At the fourth stop, still in Tennessee, Romines allowed the victim to go into a truck stop to buy a map and to obtain directions to a WalMart while he kept the baby in the car. He then caught her trying to pass her father's phone number to a clerk and eventually forced her back to the vehicle by threatening to kill their baby. Although Romines had promised to take his wife to a McDonald's to meet her father, he drove away in the opposite direction, crossing the state line into Virginia. State troopers then stopped the vehicle. However, Romines pulled away as the troopers approached. After a high speed chase, Romines fled on foot and was finally apprehended.

In challenging the sufficiency of the evidence of kidnapping, Romines cites evidence of a note his wife wrote during the kidnapping in which she promised not to put him in jail and stated that she had left with him willingly and later changed her mind. This challenge is meritless, however, because the victim testified at trial that she wrote the note under duress and to convince Romines to release her and the baby. Accordingly, we conclude that the facts disclosed at trial support the jury's finding that Romines kidnapped his wife against her will in order to coerce her to stop divorce proceedings, rescind the order of protection, and resume their married life.

Romines next challenges the sufficiency of the evidence to sustain his conviction of interstate violation of a protective order. To support a conviction for interstate violation of a protective order, the prosecution must show that (1) Romines caused the victim to cross a State line, (2) by force, coercion, duress, or fraud, and (3) in the course or as a result of that conduct he intentionally committed an act that injured the victim, (4) in violation of a valid order of protection issued by a State. See 18 U.S.C. § 2262(a)(2) (1994).

4

Romines first argues that the evidence is insufficient because the victim testified that she willingly left with Romines. This argument is without merit, as the evidence clearly supports a finding that the victim went with Romines because he had their son and she feared for his safety. Second, Romines contends that the prosecution's case lacked evidence that any violence occurred in Virginia or that Romines had any intention of harming his wife in Virginia. We find this contention lacking in merit as well. As the Government points out, the plain language of the statute makes it clear that there is no requirement that the victim be harmed in Virginia. Rather, the evidence presented by the prosecution was sufficient to show that Romines injured the victim in the course of forcing her to cross from Tennessee into Virginia, by beating, choking, and threatening her and her son with violence.[2]

Romines next takes issue with his conviction for interstate transportation of a stolen motor vehicle. To sustain a conviction for this offense, the Government must show that (1) there was a stolen motor vehicle, (2) that Romines knew it was stolen, and (3) that he transported it in interstate commerce. United States v. Chorman, 910 F.2d 102, 110 (4th Cir. 1990). Romines contends that the vehicle was not stolen because, under Tennessee law, a husband cannot steal his wife's property. We reject this contention, as the evidence showed that the victim leased the vehicle in her name only after the couple separated. The evidence was otherwise sufficient to sustain the conviction.

Finally, Romines maintains that the vehicle could not have been stolen because the evidence was insufficient to establish that the victim was taken against her will. We reject this contention because the evidence was sufficient to show that the victim did not willingly leave

_____

[2] The order of protection in question was entered by agreement of the parties on August 31, 1995, and enjoins Romines from abusing or threatening to abuse his wife or committing any acts of violence against her. In his brief, Romines tangentially mentions his challenge below to the validity of the order because of a clerical error on page two which would show the order to have expired the day before it was entered. We find that adequate evidence established the order of protection in question was valid at the time of the offense.

with Romines. We therefore affirm Romines' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED